Good morning. May it please the court. My name is Amber Furman and I represent the petitioner appellant in this matter, Jose Anguiano-Hernandez. I'd like to reserve three minutes for rebuttal, please. The issue before the court today is whether the district court has jurisdiction over a writ of habeas corpus that challenges the constitutionality of an underlying deportation order. There's two underlying deportation orders in this case, a June 19, 1990 deportation order as well as a later deportation order in 1997. We contend that both the deportation orders are constitutionally invalid. The district court judge in dismissing the petition for lack of jurisdiction in 2005 as well as 8 U.S.C. 1252A5 and 1252B9 for the proposition that a court shall not have jurisdiction to review a final order of removal. However, this court made clear in 2007 in Singh v. Gonzales that the REAL-ID Act expressly eliminated habeas review over final orders of removal but restored jurisdiction over constitutional claims. Yes, but before us. That's correct. So the problem is you're in the wrong court. In Singh v. Gonzales, the court continues to discuss constitutional challenges that can be raised in a habeas claim, and they give examples of challenges that are independent of the underlying deportation order. But in what court? In habeas court. In district court on a habeas petition was the way I understood the case to read. In Singh v. Gonzales, the petitioner filed a writ of habeas corpus in district court to challenge ineffective assistance of counsel, saying that the underlying deportation order was ineffective or was, I'm sorry, invalid because of ineffective assistance of counsel. And then I assert this court held that the district court had jurisdiction over that claim. In holding that, they, I'm sorry, this court gave examples of cases that would be an independent attack. I'm sorry, the challenge would be independent of the underlying deportation order. And some of those were the legality of the order for lack of notice or whether a order exists at specifically in Singh v. Gonzales whether there was ineffective assistance of counsel. All of those go to some sort of a constitutional or due process argument, which is similar to the petitioner's argument in this case. The petitioner in this case was admitted to the United States as a temporary resident under amnesty with the seasonal agricultural worker. And he was given temporary permanent resident status on November, I'm sorry, on January 3rd, 1989. And that predated his entry back to November 30th, 1988. So his temporary status was effective all the way back to November 30th, 1988. The regulations that were in effect when the order to show cause was issued required that any temporary permanent resident status be rescinded before an individual could be placed in deportation proceedings. Rather than doing that, the immigration judge ordered the petitioner deported on June 19th of 1990, and he was physically removed on July 12th of 1990. The petitioner argues that that was a denial of due process. And to support that contention, we cite matter of Medrano, which was decided September 10th of 1990. But all of this goes to whether he should have been removed in the first place, right? I disagree. All of this goes to whether he had an ample opportunity to discuss whether he was given due process as the regulations required at the time that he was removed to discuss whether or not he should have been deported. So we cited in our brief. And tell me why he wasn't given due process. He wasn't given due process in a way that couldn't have been raised in the original petition for review from the original removal order. I'm sorry? Why couldn't he have raised previously? As far as any legal defects or any legal limitation, I'm not aware of one. We raised it in a writ of habeas corpus to attack the constitutionality of the deportation order. He very well may have raised that in a petition for review, but I don't believe that having that option takes away the right of the court to hear a constitutional argument at a later date. But what authority do you have for that? For the fact that the – where the constitutional argument is one that went to the validity of the removal order, not something else. The – whether the – whether the deportation order is valid as far as the constitutionality of that can be raised in a habeas petition under Singh v. Holder that was – But that's not what happened in Singh v. Holder. I thought in Singh v. – In Singh v. Holder, the way that I – that I understood the case is the – this case held that a constitutional attack on a deportation order can be raised in a writ of habeas corpus. Specifically in Singh v. Holder, it was ineffective assistance of counsel in not filing a petition for review at an appropriate time. And the court, in coming to that conclusion, stated that the reason that a habeas petition can be granted in this situation is because – or, I'm sorry, the jurisdiction is proper – is that if a habeas petition is granted, the only result is that the petitioner gets the process that they should have been entitled to in the first place, which is all we're asking for in this case. The petitioner is not asking for the court to determine that he's not removable. The petitioner is instead asking the court to order that he be returned to the status that he was in when his due process rights were violated in 1990. And you can't point to anything – or at least I haven't heard you – in response to Judge Berzon's question. As to? About why he didn't raise this in response to the removal I do not have. So I can't tell whether he even exhausted it. Based on the information that was available to us, I don't have. I don't either. I tried to get the – as you know, I tried to get the file in this case, and I – we did, and I really didn't get a lot of cooperation in that regard. I'm not even sure by the record whether he was represented by an attorney or not at that time. But whether he was or not, he still has to exhaust even here. And so it's problematic on a number of levels. Could I ask you this? I think there was a criminal charge that was dismissed, is that right? There was, yes. Okay. And that was just dismissed – in fact, the government didn't oppose your client's motion to dismiss on this same basis, right? No, the government did not. Okay. So we don't have a reasoned ruling. We just have the district court in that case basically accepting an unopposed motion to dismiss a criminal indictment. Is that a fair standing? Yeah. The information I believe is available. I believe – and I apologize that the documents were not attached. I was not part of this at the time. That's okay. Your time is ticking. So is that right that the judge just – I believe I can provide that to the court and counsel at a – after the hearing if you'd like. I can provide that. My other question, counsel, had to do with – I think he's filed a motion to reopen that the I.J. denied, but without any reasoning. And the BIA has now remanded that, asking the I.J. or requiring that the I.J. give reason for why that motion to reopen was denied. The issue with that – and I'm not actually sure what's going on with that at this point in time, and here's why. The immigration judge that made that decision has now retired, so nobody knows what he was thinking. The immigration judge in San Diego that has replaced that immigration judge transferred Bennu to Las Vegas. Correct. So the case is now in front of an immigration judge. A hearing is set for 2015, but I'm not sure what it's set for because – But that's still pending, right? You have this administrative motion to reopen. This – I'm guessing that it's – you're making the same argument there. Well, my – we are making the same argument there. However, I'm not sure that it's actually pending. The Board of Immigration Appeals issued a specific decision remanding for the record to be updated, and the only person that can update that record is a retired immigration judge. So unless the Board – Well, sometimes what happens in those circumstances is you just start all over again. And if – we're waiting to find out if that is what's going to happen. Let me ask you – But it said it's pending. Yes? There's a hearing scheduled. I don't have any information on the motion itself. Thank you. Has anybody in this case suggested mediation? I'm sorry? Have you tried any mediation in this case, or would that be an intelligent thing to do? I have not suggested it. I don't know if counsel would be opposed, but I don't think that it would be – I think it would be appropriate if the Court thought that. Because there is something pending before the agency now. There is. That's correct. And that was recent, and I apologize for not applying in court on that. That was recent. Okay. Thank you very much. Yes. You'll have a time, a minute for rebuttal. Thank you. Thank you. Good morning, Your Honors. May it please the Court, my name is Danielle Schuessler, arguing on behalf of the government. We ask that this Court affirm the District Court's sua sponte dismissal of Mr. Anguiano's claims. The law is clear. District courts do not have habeas jurisdiction to review challenges to removal orders. To what? I'm sorry. Removal orders. Mr. Anguiano has and has had the opportunity to raise each of his constitutional and legal claims in – or to his reinstatement and underlying removal orders in a petition for review in this Court. But he has not done so. Counsel, do you have – we tried to get the administrative record, and what we got in response was an indication that it hadn't been prepared. We know that already. And an explanation of the difference between that and an A number or an A file. And we know that also. But I can't even tell if these claims were exhausted. Well, Your Honor, to answer your original question as to why there is no administrative record, if I understand your question properly – I am not asking why there isn't an administrative record. It's – I'm trying to get the administrative record. I understand that there wasn't one prepared for the – for the district court, because there was a sous-spante order saying I don't have jurisdiction here, right? But the difficulty we've got is trying to figure out what the real status of this argument is. Yes, and I understand that, Your Honor. Not only is – was there not an administrative record prepared for the district court, but generally speaking, when a case comes up to a petition for review, you know, perhaps it starts at the immigration judge, and once that is appealed to the Board of Immigration – I'm sorry, the for what the immigration judge saw and used in his decision making. Right. At that point, it's certified and brought to the Board of Immigration Appeals and can be used when it is appealed directly to the circuit courts on a petition for review. In this case, Mr. Anguiano had the opportunity to appeal his 1990 removal order from an immigration judge to the Board of Appeals. And again, after the 1997 order of removal, he had the opportunity to appeal that to the Board of Immigration Appeals. The fact is, he didn't appeal either of those, and therefore, an administrative record was never certified or created. So is your position that none of this is exhausted because he didn't appeal either to the Board – to the BIA? Well, we actually are not making an exhaustion argument at this time because he does have proceedings pending in the immigration court, as you know. So he does have the opportunity to litigate the merits of his case in that forum. All right. What about mediation at this point? I would be happy to consult with the client on that point, but as it has not been raised or suggested, I don't have an indication from the client as to whether that would be desirable. What should we make of the government's non-opposition in the criminal case? My understanding is there was a motion to dismiss the indictment, and it raises this very same argument, that he was unlawfully deported before his immigration status was rescinded. I think in terms of the specific jurisdictional issue in front of the Court today, I think that it doesn't – it's not relevant, frankly, because any of the arguments that Mr. Anguiano has made in the relief sought, it all goes to removability, and the district court is simply not authorized to review any arguments regarding removability. Right. But then what you have is a situation in which there is a removal order, but he can keep coming back because he's never going to get convicted of coming back. He can keep – you can keep deporting him, but you – but – but – and also in which you – at least somebody agreed once that he shouldn't have actually been removed. Well, the fact that the government voluntarily dismissed, I don't think, is dispositive that anybody says that he should – Well, it's fairly dispositive. Why not? Why would they do that except for – and it seems right. It seems like it was a mistake. It shouldn't happen. In other words, you're urging us to make this very narrow ruling, and I – and I appreciate that, but it does seem to be a situation that then – then the cases left, as Judge Berzon suggests, were just endless busy work for a lot of people as opposed to really resolving his immigration status. Well, and again, I understand the desire to look to the merits of this case and come up with a final answer, but the fact is the courts of appeals lack jurisdiction to review any of – Well, I mean, just to – to string out the line, if – I think we can't do it because it wasn't timely, but we could otherwise transfer the case to us, right? No, Your Honor. Under Puri v. Gonzalez and Iasu v. Smith, they – well, first of all, like I mentioned, this court lacks jurisdiction to review claims against a removal order in any vehicle aside from a petition for review. In terms of transferring a habeas petition and converting that into a petition for review, Puri v. Gonzalez and Iasu v. Smith both indicate that although the Real ID Act under Section 106C said that that could be – that transition could be available if a habeas petition was filed on or before the enactment of the Real ID, to the extent that a habeas petition was filed thereafter, it's not appropriate to transfer or convert a habeas petition to a petition for review. But you transfer cases in the other direction all the time, i.e., to habeas when they're properly filed with us on the petition for review. I don't do that all the time, but we've done it. That may be true, Your Honor, but in this – the Ninth Circuit has spoken on that issue and said it's not appropriate to transfer them this way. And what's the name of the case? What's the case? Iasu v. Smith and Puri v. Gonzalez. And in both of those cases, the petitioner had filed habeas claims after the enactment of the Real ID Act, and the courts of appeals agreed that it was not appropriate to convert them to petitions for review. Go ahead, Danielle. Yes. First of all, as I mentioned, the Real ID Act is codified in 8 U.S.C. 1252, 8.5, and 8.9. Congress, in no uncertain terms, stripped the district courts of habeas jurisdiction to review claims of removal. Obviously, there's a habeas petition, and on the first page of to his deportation orders. Now, to the extent that counsel for Mr. Anguiano cited Singh v. Gonzalez for the proposition that district courts have habeas jurisdiction to review independent claims, I just want to note that Mr. Anguiano's claim is not independent. His challenges go directly to removability, and they are direct attacks on his removal orders. So in that way, it's distinguishable from Singh v. Gonzalez. Additionally, I believe counsel misstated the relief sought, or at least the remedy provided in Singh v. Gonzalez, which was the court said this is independent because at the end of the day, the only thing that we're changing is providing a 30-day opportunity for the petitioner to file a petition for review. And again, it had concluded that there was no vacating the reinstatement order as well as vacating the underlying removal orders. Therefore, the relief sought goes directly to removability. In addition to 1252A5, which provides that circuit courts of appeals have exclusive jurisdiction in reviewing petitions for review for orders of removal, there's 1252G, which divests the attorney general's decision to commence proceedings, adjudicate cases, or execute removal orders. Therefore, what is clear is the district court had no authority to review these habeas challenges to removal orders. To sum up, Your Honors, Mr. Anguiano has and has had the opportunity to litigate each of his legal and constitutional claims through the immigration courts and through a petition for judicial review afforded to him. By statute 9th Circuit precedent, Mr. Anguiano cannot now bring a challenge to his removal orders, habeas or otherwise, through a habeas petition filed in district court. For these reasons, the government asks that you affirm the district court's sua sponte dismissal of Mr. Anguiano's habeas petition. Thank you very much. Thank you. I'll give you a minute in rebuttal. Thank you for allowing me to rebuttal, Your Honor. I would just like to note that the characterization that this is an attack on the underlying deportation order isn't correct. What by that? What else is it? It really looks like an end run around the Real ID Act to me. I just want to be very candid about that so you have an opportunity to respond. Well, in Singh v. Gonzalez on the 9th Circuit case that was decided after the Real ID Act, it was decided in 2007, this Court states that a successful habeas petition in this case would do nothing more than allow a day in court for Singh, which is consistent with the congressional intent underlying the Real ID Act. For these reasons, Singh's ineffective assistance of counsel claim cannot be construed as seeking judicial review. The petition in that case didn't involve anything that could have been for the agency because it all arose after the agency decision. But the Court goes on to state that the court goes on to state that And what about Singh v. Holder, which you miscited before, says exactly the opposite. It basically says that if you could have – if it goes to the removal order and it could have been raised in the removal proceedings, you can't do it in habeas. But Singh also states Which Singh are we talking about now? 2007, Singh v. Gonzalez. But I'm talking about the later one, Singh v. Gonzalez. In 2011. The one that I wrote. 683, 3rd, 1196, written by a guy named Fisher. I just want to Focus on the part that says wholly intertwined. I'm sorry? Focus on the part of the decision that talks about being wholly intertwined so that the ultimate relief is an attack on the underlying removal order. And that's the point that I'm attempting to make. The same quote states that even though his ultimate goal or desire is to overturn the final order of removal, that that doesn't mean that it's an attack on that order of removal. It's still a constitutional claim that he didn't have in effective assistance of counsel, which is similar No, wait a minute. That's – I'm talking about Singh v. Holder. I'm sorry, Your Honor. You're talking about Singh v. Gonzalez. I apologize, Your Honor. It's at 12-11, 12-12, 12-11 I think. We should also avoid the opposite pitfall, recognize the lack of jurisdiction where this petition directly implicates the order of removal. Yes, Your Honor. And I would agree with that if this directly implicated the order of removal. I don't believe that it does. I believe it's a constitutional claim that's asking for Mr. Inguiano to be put in a position to have the procedure that was entitled to him at the time. In one sentence, since you're well over time, why was he denied to the process? Because the law, in effect, at the time that he was placed in removal proceedings under 8 CFR 245A-2U and 8 CFR 245A-2U-4, as well as matter of Medrano, required that he be placed in rescission proceedings. It requires a process that allows the government to give him an opportunity to respond and appeal a decision taking away his lawful permanent residence. But in terms of being denied to process within the removal proceedings, he wasn't. He could have said exactly that, but he didn't. In other words, he didn't raise the argument. I don't know if he raised the argument at that point in time. The records are unclear. All right. But the due process is that he was removed when he should have been. He should have been. Not that he was impeded from litigating it. No. Matter of Medrano makes it clear, as well as the regulations make clear, that an alien under temporary residence status at that point in time could not be placed in the position of a permanent residence. And so there's a notion that somebody slammed the door in his face and didn't let him litigate. No, Your Honor. It goes to the fact that he was. Goes to the merits. Right. That goes to the merits. In other words, he had an opportunity, had noticed an opportunity to make this argument in underlying action. That's what we're struggling with. But he never should have been in that position in the first place because they should have had to prove rescission. You've done a noble job, and we appreciate the argument. Thank you. Thank you. The case of Anguiano-Hernandez v. United States is submitted. And we will take a short break while we arrange for a telephone argument. Thank you. Thank you all. Counsel.
judges: FISHER, BERZON, CHRISTEN